**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000316**
**21-MAR-2019**
**07:51 AM**

NO. CAAP-15-0000316

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Application of

TRUSTEES UNDER THE WILL OF
THE ESTATE OF JAMES CAMPBELL, DECEASED

APPEAL FROM THE LAND AND TAX APPEAL COURT
(APPLICATION NO. 1069; CASE NO. 12-1-1788)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Hiraoka, JJ.)

This case arises out of a nonjudicial foreclosure initiated by Respondent-Appellee Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon ("the AOAO") on a lien recorded against certain real property in 'Ewa Beach, Hawai'i (the "Property") held by Petitioner-Appellant Jacques Bartholomew Garrett. The AOAO was the successful bidder at auction and subsequently filed an Affidavit of Nonjudicial Foreclosure Under Power of Sale, and a Quitclaim Deed transferring title to the Property to itself. On June 4, 2012, Garrett filed a verified petition with the Land Court to amend the Transfer Certificate of Title ("TCT") 936,814 and to enjoin the assistant registrar of the Land Court from entering TCT 1,024,156 ("Petition"). The

AOAO opposed the Petition, arguing that it was untimely and that the AOAO had a contractual right to conduct nonjudicial power of sale foreclosures pursuant to its governing documents. On July 18, 2012, the AOAO moved to dismiss the Petition for lack of subject matter jurisdiction. The Land Court[1/] agreed.

Garrett appeals from the March 6, 2015 Order Granting Respondent Association of Apartment Owners of Terrazza/Cortebella/ Las Brisas/Tiburon's Motion to Dismiss Jacques Bartholomew Garrett's Verified Petition to Amend Transfer Certificate of Title 936,814 and to Enjoin The Assistant Registrar of the Land Court from Entering Transfer Certificate of Title 1,024,156 ("Order Dismissing Petition") and the March 6, 2015 Final Judgment, each entered by the Land Court in favor of the AOAO.

On appeal, Garrett alleges that the Land Court committed reversible legal error in concluding that Hawaii Revised Statutes ("HRS") section 501-118 and *Aames Funding Corp. v. Mores*, 107 Haw. 95, 110 P.3d 1042 (2005) "operated together to create a statute of limitations which deprived the Land Court of jurisdiction to hear Garrett's verified petition."

In light of the Hawaiʻi Supreme Court's ruling in *Wells Fargo Bank, N.A. v. Omiya*, 142 Hawaiʻi 439, 420 P.3d 370 (2018), Garrett's Petition was not time-barred. Furthermore, this court recently vacated the Judgment for Possession and the Writ of Possession in the underlying case. *Ass'n of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon By & Through Bd. of Directors v. Lopez*, No. CAAP-14-0001093, 2019 WL 336919, at *4 (Haw. Ct. App. Jan. 28, 2019). Although the Land Court's action in this matter preceded the decisions in *Omiya* or *Lopez*, those decisions compel the conclusion here that the Circuit Court erred in ruling that Garrett's Petition was time-barred under HRS section 501-118 and in granting the AOAO's motion to dismiss.

Based on the foregoing, we vacate the March 6, 2015 Order Dismissing Petition and the corresponding Final Judgment entered by the Land Court of the State of Hawaiʻi. The case is

---

[1/]    The Honorable Gary W.B. Chang presided.

remanded for further proceedings consistent with this Summary Disposition Order and with the disposition in *Lopez*.

DATED: Honolulu, Hawai'i, March 21, 2019.


On the briefs:

Gary Victor Dubin and
Frederick J. Arensmeyer
(Dubin Law Offices)
for Petitioner-Appellant.

R. Laree McGuire and
Linda E. Ichiyama
(Porter McGuire Kiakona &
Chow, LLP)
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge